UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:                                                                                    Chapter 11

C.S.C. ENTERPRISES, INC., d/b/a                                      Case No.: 21-11549-RAM
SCULLY'S TAVERN,

    Debtor.
_____/

## DEBTOR'S 11 U.S.C. § 1188 (c) REPORT

C.S.C. Enterprises, Inc. d/b/a Scully's Tavern ("Debtor"), by and through undersigned counsel, files this report as required 11 U.S.C. § 1188 ( c ), and states as follows:

1. Debtor owns and has been operating a tavern at 9809 SW 72nd Street, Space #1, Miami, Florida 33173 (the "Leased Premises") for more than 30 years.

2. Due to the COVID-19 pandemic, the tavern has experienced a reduction of income due to restrictions imposed which led to closing of premises, reduction in capacity levels, and restricted hours because of curfews.

3. Due to the reduction of income, the Debtor has fallen behind in his rent which is the main reason for this reorganization.

4. The tavern has continued to operate and is trying to increase its revenue by hosting special events and parties which are now being allowed due to lifting of some of the restrictions. Sales have been recovering.

5. There is little trade debt, no bank debt and a low six figure term loan secured by the liquor license.

6. The restaurant/kitchen equipment, bar and inventory are owned by the debtor.

7. The financial issue facing the debtor is the pre-petition past due rent of approximately $110,000 and finding a workable repayment within the plan.

8. Negotiations with landlord's bankruptcy counsel are ongoing with a goal of a consensual plan.

9. The increased revenue will assist the Debtor in formulating a consensual plan of reorganization.

10. The foregoing are the actions taken, and which will be taken, to attain a consensual plan of reorganization.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in local rule 910(d)(1) and (2).

CORONA LAW FIRM, P.A.

/s/ Ricardo Corona, Esq.
RICARDO R. CORONA, ESQ.
Florida Bar No. 111333
3899 NW 7 Street
Second Floor
Miami, FL 33126
bk@coronapa.com
(305) 547-1234 Phone
(305) 266-1151 Fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing response was sent via USPS Mail or electronic transmission to every party parties set forth in the NEF dated this **1st** day of **April 2021.**

                           CORONA LAW FIRM, P.A.

                           /s/ Ricardo Corona, Esq.
                           RICARDO R. CORONA, ESQ.
                           Florida Bar No. 111333
                           3899 NW 7 Street, Second Floor
                           Miami, FL 33126
                           bk@coronapa.com
                           (305) 547-1234 Phone
                           (305) 266-1151 Fax

**Via CM/ECF**
U.S. TRUSTEE
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

Steven D. Schneiderman
Office of the U.S. Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130
Steven.D.Schneiderman@usdoj.gov

Equity One (Florida Portfolio) LLC
Ryan E. Davis – Attorney for Landlord/Creditor
Winderweedle, Haines, Ward & Woodman, P.A.
P.O. Box 880
Winter Park, FL 32790-0880
rdavis@whww.com

Tarek Kiem – Subchapter V Trustee
Kiem Law, PLLC
8461 Lake Worth Road, Suite 114
Lake Worth, FL 33467
tarek@kiemlaw.com

**Via U.S. Mail to:**

CSC Enterprises, Inc. DBA Scully's Tavern
9809 SW 72 Street
Miami, FL 33173

All creditors and parties in interest listed on the mailing matrix attached hereto.