UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:                                                                                  Chapter 11

C.S.C. ENTERPRISES, INC., d/b/a                           Case No.: 21-11549-RAM
SCULLY'S TAVERN,

    Debtor.
_____/

## DEBTOR'S MOTION TO ASSUME
## THE LEASE AGREEMENT
## BETWEEN DEBTOR AND EQUITY ONE (FLORIDA PORTFOLIO), LLC

C.S.C. Enterprises, Inc. d/b/a Scully's Tavern ("Debtor"), by and through undersigned counsel, files this Motion to Assume the Lease Agreement between Debtor and Equity One (Florida Portfolio), LLC ("Landlord"), and states as follows:

### BACKGROUND

1. Debtor owns and has been operating a tavern at 9809 SW 72nd Street, Space #1, Miami, Florida 33173 (the "Leased Premises") for more than 30 years. Movant and Debtor are respectively Landlord and Tenant under a lease agreement (the "Lease").

2. Due to the restrictions and effects of COVID-19, Debtor fell behind in his payment arrangements with the Landlord.

3. On November 19, 2020, Landlord filed an eviction action against Debtor in Circuit Court in Miami-Dade County, Case No. 2020-024897-CA-01 (the "Eviction case").

4. On February 17, 2021, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in order to reorganize and continue to operate.

5. The Debtor and Landlord have reached an agreement, and they signed a Second Amendment to the Lease Agreement which has been previously presented to the Court.

6. The Second Amendment to the Lease Agreement is a "de facto" assumption of the Debtor's lease with the Landlord.

7. Furthermore, the agreement was approved by the Honorable Court on June 10, 2021. DE 66.

8. The Order also stated that the Debtor has to file a Motion to Assume the Lease on or before July 1, 2021. DE 66.

## MEMORANDUM OF LAW

Debtor is not disputing that the unexpired commercial lease is within the scope of 11 U.S.C. § 365. Section 365 allows a debtor in possession to assume or reject an unexpired nonresidential lease within 60 days after the date of order granting relief. *See* 11 U.S.C. § 365(d)(4). Note, in consideration of Covid-19 pandemic, Congress recently enacted Public Law 116-260, which became law on December 27, 2020 and effective through December 27, 2022, affecting Section § 365(d)(3) as follows:

**§365. Executory contracts and unexpired leases**

**(d)**

**(3)** adding Subsection (B)

**(B)** In a case under subchapter V of chapter 11 [11 USCS §§ 1181 et seq.], the time for performance of an obligation described in subparagraph (A) arising under any unexpired lease of nonresidential real property may be extended by the court *if the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic* until the earlier of—
**(i)** the date that is 60 days after the date of the order for relief, which may be extended by the court for *an additional period of 60 days* if the court determines that the debtor is continuing to experience a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic; or
**(ii)** the date on which the lease is assumed or rejected under this section.

Debtor has been experiencing a material financial hardship directly due to the Covid-19 pandemic. The tavern is a restaurant which had been required to operate at limited capacity in compliance with continued governmental regulations. Therefore, under the enacted law, the Court could provide the Debtor an additional 60 days to assume the lease, which this motion falls within the time limit, and the motion complies with Order dated June 10, 2021. DE 66.

. **CONCLUSION**

Due to the foregoing reasons, Debtor respectfully requests that this Court allows the Debtor to assume the commercial rental lease.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document has been served via CM/ECF notification or USPS Mail to the parties on the attached Mailing Matrix and all others set forth on the NEF on this **1st** day of **July 2021.**

/s/ Ricardo Corona
Ricardo R. Corona, Esq.
Florida Bar No.:111333
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150
(305)266-1151
bk@coronapa.com

**Via CM/ECF**

U.S. TRUSTEE
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

Steven D. Schneiderman
Office of the U.S. Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130
Steven.D.Schneiderman@usdoj.gov

Equity One (Florida Portfolio) LLC
Ryan E. Davis – Attorney for Landlord/Creditor
Winderweedle, Haines, Ward & Woodman, P.A.
P.O. Box 880
Winter Park, FL 32790-0880
rdavis@whww.com

Tarek Kiem – Subchapter V Trustee
Kiem Law, PLLC
8461 Lake Worth Road, Suite 114
Lake Worth, FL 33467
tarek@kiemlaw.com

**Via U.S. Mail to:**
CSC Enterprises, Inc. DBA Scully's Tavern
9809 SW 72 Street
Miami, FL 33173

All creditors and parties in interest listed on the mailing matrix attached hereto.